**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| ALLEN WAYNE SPORE, : <br> : <br> Plaintiff, : <br> : <br> VS. : <br> : CIVIL No: 5:14-CV-0252-CAR-MSH <br> Dr. MICHAEL L. ROGERS, : <br> : <br> Defendant. : | |

_____

## ORDER & RECOMMENDATION

Presently pending before the Court are Plaintiff's multiple miscellaneous motions (ECF Nos. 22, 23, 29, 37, & 40), motion requesting appointment of counsel (ECF Nos. 26), and amended complaints or motions to amend his complaint (ECF Nos. 24, 25, 34). For the reasons explained below, Plaintiff's motions to extend the time to complete discovery are granted, his motion to compel is denied, his motion for an ophthalmology examination is denied, his motion to appoint is denied, and his requests to amend are granted. The Court has conducted a preliminary review of his multiple amended complaints and recommends that the claims against Defendant Rogers and Taylor proceed.

**BACKGROUND**

The present action arises out an alleged denial of medical treatment. Plaintiff alleges that the "head doctor" at Washington State Prison ("WSP"), Defendant Michael Rogers, repeatedly failed to provide Plaintiff with treatment for his serious medical condition. Plaintiff apparently suffers from an eye disease, retinitis pigmentosa, which

causes a deterioration of the peripheral vision. Plaintiff was first seen by Defendant Dr. Rogers after he was transferred to WSP in October 2011. Recast Compl. Ex. A at 8, ECF No. 8-3. At that time, Dr. Rogers was allegedly aware that Plaintiff had been diagnosed with the eye disease and that UV sunglasses had been ordered by other physicians. Rather than providing Plaintiff with the sunglasses prescribed, however, Dr. Rogers chose to refer Plaintiff to an optometrist. Recast Compl. Ex. A at 9, ECF No. 8-3. Plaintiff then allegedly saw Dr. Rogers three or four other times between November 2011 and April 2013, and the same scenario was repeated in each visit. *Id.* Plaintiff was not provided UV sunglasses and was not actually seen by a specialist until May 2013. *Id.*

After examining him, the optometrist/retina specialist ordered that Plaintiff be provided both "UV sunglasses" and a "concentrated Vitamin A medication." Recast Compl. Ex. A at 10, ECF No. 8-3. Although this treatment was allegedly re-ordered at least three times over the next ten months, Plaintiff was not provided UV sunglasses or the medication prescribed by the specialist until January or February 2014. *Id.* at 12. Plaintiff alleges that the prescribed treatment has been proven to "put his condition in remission" and that without it, his vision continued, unnecessarily, to deteriorate; he claims to now be "legally blind."

After a preliminary review of his recast Complaint, the Court allowed Plaintiff's claim against Dr. Michael Rogers for deliberate indifference to his severe medical needs to proceed. The remaining claims, against the State of Georgia, the Georgia Department of Corrections, Governor Nathan Deal, Commissioner Brian Owens, Dr. Sharon Lewis, and Warden Donald Barrow, were dismissed. Order 1-2, Sept. 22, 2014, ECF No. 14.

Defendant Rogers filed his Answer to the Complaint on October 27, 2014 (ECF No. 18). On December 29, 2014, Plaintiff filed a motion to amend seeking to add a claim against Defendant Rogers for "terminating his legally blind person status" in violation of the Due Process Clause of the Fourteenth Amendment, the Americans With Disabilities Act, and the Eighth Amendment. He also sought to add as a John Doe defendant the optometrist who treated his eye disease on referral from Dr. Rogers. The Court allowed Plaintiff to amend his Recast Complaint only to allege that Defendant Rogers removed his "legally blind status" from Plaintiff's GDOC profile in support of his deliberate indifference claim. Order 1-2, Feb. 12, 2015, ECF No. 27.

In response to the Recommendation that Plaintiff be allowed to amend his complaint for the above limited purpose, Plaintiff filed an Amended Complaint (ECF No. 24) with multiple exhibits, a motion for leave to file an amended complaint (ECF No. 25), and a Recast Amended Complaint (ECF No. 34) purporting to comply with the February 12, 2015 Order. It is clear from these filings that Plaintiff was attempting to follow the directives of the Court in filing these multiple documents. The Court thus reviews them together and conducts a preliminary review of his amended claims as explained below.

Plaintiff also filed another motion to appoint counsel and a motion requesting that the Court order an ophthalmology examination. Finally, Plaintiff has filed multiple miscellaneous motions dealing with discovery. These motions are ripe for review.

## DISCUSSION

### I.  Motion to Appoint

Plaintiff has filed another motion to appoint counsel to assist him in this case due to

3

his being "legally blind."  (ECF No. 25.)   The Court twice previously denied Plaintiff's motion to appoint and explained that Plaintiff needed to submit his Georgia Department of Correction's ("GDOC") Medical Profile to establish blindness.  Order 3 n.1, July 10, 2014, ECF No. 6; Order 3-4, Jan. 15, 2015, ECF No. 21.  Plaintiff has failed to comply with this order and has not established that he is legally blind.  Regardless, this Court has denied appointed counsel when a Plaintiff claims he is legally blind, but has been able to adequately present and litigate his case.  *See, e.g., Wallace v. Burnside*, No. 5:07-cv-166, 2008 WL 846122, at *1 (Mar. 28, 2008) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)).  As is demonstrated by his numerous filings, Plaintiff has been diligently and adequately pursuing this case.  Plaintiff has not demonstrated an exceptional circumstances justifying appointment of counsel.  Accordingly, Plaintiff's motion for appointment of counsel is denied.

**II.    Miscellaneous Motions**

Plaintiff filed multiple miscellaneous motions (ECF Nos. 22, 23, 29, 37, & 40). Several of these motions regard extending the time to complete discovery (ECF Nos. 23, 29, 40).  To the extent that Plaintiff is requesting additional time to complete discovery, those motions are granted.  (ECF Nos. 23, 29, 40).  Discovery will recommence in this case as explained *infra* Section IV.

Plaintiff also filed a motion to compel (ECF No. 22).  Therein he seeks all of his medical records from March 2003 until January 2015 and all Health Care Service Request Forms from October 2011 until January 2015.  Aff. in Supp. Mot. to Compel 1-3. Plaintiff states that he was provided an opportunity to review his medical records from

Washington State Prison, but was not provided free copies due to his indigent status. *Id.* Defendant did not respond to the motion to compel. Plaintiff's requests, which are attached to his motion to compel, are not proper discovery requests directed to the Defendant. Instead, Plaintiff sent letters to Coastal State Prison, Augusta State Medical Prison, and the "Medical Department" of Washington State Prison seeking copies of his medical records from those respective prisons. Mot. to Compel Exs. 1-2, ECF Nos. 22-2, 22-3. While Plaintiff is certainly entitled to access to his own medical records, the Court cannot compel Defendant Rogers to respond to improper discovery requests not addressed to him.[1] Plaintiff's motion to compel is consequently denied.

Plaintiff's final motion is a motion requesting that this Court order an ophthalmology examination on Plaintiff pursuant to Federal Rule of Civil Procedure 35. (ECF No. 37.) He also seeks to have an "expert ophthalmologist" review his "earlier optic records[.]" Mot. Req. Ct. Order for Exam. 1. In other words, Plaintiff seeks to have the Court order a physical examination and have an expert witness appointed for him. This motion is denied.

Rule 35(1)(1) provides that a court may "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Such an order "may be made only on motion for good cause[.]" Fed. R. Civ. P. 35(a)(2)(A). "[G]ood cause for an examination exists when a person's physical or mental state cannot be evidenced without the assistance of expert

---

[1] The Court notes that Plaintiff's medical records from 2003 are likely irrelevant in this action except as to Plaintiff's initial diagnosis of retinitis pigmentosa.

medical testimony based on an examination." *Romano v. Interstate Express, Inc.*, No. 4:08-cv-121, 2009 WL 211142, at *1 (S.D. Ga. Jan. 28, 2009) (alteration in original). The good cause requirement is "not met by mere conclusory allegations of the pleadings—nor by mere relevance to the cause—but require[s] an affirmative showing by the movant . . . that good cause exists for order [the] examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). This is because "[t]he specific requirement of good cause would be meaningless if [it] could be sufficiently established by merely showing that the desired materials are relevant, for the relevancy standard has already been imposed by Rule 26(b)." *Id.*

Plaintiff here has not established good cause for an examination under Rule 35. His motion rests on mere conclusory statements that "such an examination would benefit both parties being utilized." Mot. Req. Ct. Order for Exam. 1. Furthermore, and more importantly, "Rule 35 . . . does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." *Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003). "Rather, under appropriate circumstances, it [allows] the court to order a party to submit to a physical examination at the request of an opposing party." *Id.* Plaintiff "seeks to compel the government to bear the cost of and responsibility for hiring an expert witness to testify on his behalf[.]" *Id.* "[N]o civil litigant, even an indigent one, has a legal right to such aid." *Id.* Plaintiff's motion is thus denied.

**III.    Amended Complaints**

Plaintiff filed three amended complaints (ECF No. 24, 25, 34).[2] Plaintiff seeks to amend to add claims against the following defendants—Defendant Rogers, Brian Owens, Sharon Lewis, Donald Barrow, Edding Snelling, Jr., James Taylor, and multiple John Does. Two of these John Doe defendants are doctors that treated Plaintiff at Costal Diagnostic Prison between March and October 2003. Am. Compl. 8, ECF No. 24. The third is an ophthalmologist at Augusta State Medical Prison who treated Plaintiff from March until October 2003. Am. Compl. 8-9, ECF No. 24. The fourth John Doe is an optometrist who treated Plaintiff at Washington State Prison from October 2011 until January 2013. Am. Compl. 9, ECF No. 24. As is explained below, it is recommended that the claims against Defendant Rogers and James Taylor be allowed to proceed.

A.    Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."

---

[2] One of the amended complaints has been docketed as a motion (ECF No. 25). Since the Court is conducting a preliminary review of all Plaintiff's amended complaints, Plaintiff's motion to amend is granted.

7

*Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the

district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation); s*ee also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

    B.    <u>Claims Outside the Statute of Limitations</u>

If the allegations in a plaintiff's complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). It is well settled that the forum state's limitation period applicable to personal injury actions is applied to an action brought pursuant to 42 U.S.C. § 1983. *Wallace v. Kato*, 549 U.S. 384, 386 (2007). The Georgia statute of limitations for personal injury is two years. O.C.G.A. § 9-3-33; *see also Bell v. Metro. Atlanta Rapid Transit Auth.*, 521 F. App'x 862, 865 (11th Cir. 2013) ("The forum state's statute of limitations for personal injury actions applies to § 1983 claims, which in Georgia is two years."). A statute of limitations begins to run when a cause of action accrues—in other words, when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (internal quotation marks and citation omitted).

Plaintiff has added claims against two John Doe doctors at Costal Diagnostic Prison and one doctor at Augusta State Medical Prison for failure to provide him with what he contends is the appropriate medical treatment for retinitis pigmentosa from March 2003 until October 2003. Plaintiff explains in detail that he received multiple examinations,

9

tests, and treatments after notifying medical staff that he had a "visual problem." Am. Compl. Statement of Facts 1-2, ECF No. 24-2. He was initially diagnosed with cataracts and was sent to an optometrist and cataract surgeon for treatment. *Id.* at 2. He was then diagnosed with retinitis pigmentosa and told that he would eventually go blind, but claims he was not provided any medical treatment for his diagnosis. *Id.* In November 2003, he was transferred to Men's State Prison. *Id.* at 3. In March 2006, Plaintiff was released from prison. *Id.*

These claims are clearly outside the two-year statute of limitations. Plaintiff signed his initial complaint on June 23, 2014. The claims above arose at the latest in October 2003—over ten years prior to Plaintiff filing his complaint. In one of his amended complaints, Plaintiff attempts to assert that this was an ongoing violation such that the statute of limitations should be tolled. Am. Compl. 13-14, ECF No. 25. He contends that he did not know that he should receive UV sunglass until 2011 or the Vitamin A treatment until 2013, and thus the claims from 2003 are continued until the filing of his initial complaint in 2014. *Id.* "The continuing violation doctrine is an exception to the general rule regarding the statute of limitations." *Brown v. Roberts*, No. 5:09-cv-117, 2009 WL 1258028, at *1 (M.D. Ga. Mar. 26, 2010). "When the violation alleged involves continuing injury, the cause of action accrues, and the limitation period begins to run, at the time the unlawful conduct ceases." *Smith v. Shorstein,* 217 F. App'x 877, 881 (11th Cir. 2007).

The Court is unpersuaded by this argument. Plaintiff knew in 2003 that he was not receiving medical treatment for his retinitis pigmentosa by the John Doe doctors.

10

Furthermore, he was released from prison in 2006, so he was no longer being injured by any GDOC doctor. *See, e.g., Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981) ("A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation."). Even assuming that there was a continuing violation until March 2006 when Plaintiff was released, the limitations period on those claims would have expired in March 2008—over six years before Plaintiff filed his initial complaint. The statute of limitation has expired for the claims against these three John Doe defendants, and it is recommended that they be dismissed.

      C.    <u>"John Doe" Optometrist at Washington State Prison</u>

Plaintiff previously sought to add as a John Doe defendant the optometrist that treated him at Washington State Prison. As was already explained to Plaintiff, the Eleventh Circuit does not generally allow fictitious-party pleading. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). In order to fall under an exception to this rule, "the plaintiff's description of the defendant [must be] so specific as to be at the very worst, surplusage." *Id.* (internal quotation marks and citations omitted). A description of a proposed defendant as an optometrist, without any other identifying information, is insufficient to meet this exception to the prohibition on fictitious-party pleading. *Id.* Consequently, it is recommended that Plaintiff's proposed John Doe defendant from Washington State Prison be dismissed.

      D.    <u>Defendants Warden Donald Barrow, Dr. Sharon Lewis, and Commissioner Brian Owens</u>

Plaintiff reasserts claims against Warden Donald Barrow, Dr. Sharon Lewis, and

Brian Owens as supervisory officials. Am. Compl. 16-19, 21-23, ECF No. 25. These claims were previously dismissed because Plaintiff failed to allege that Warden Barrow, Sharon Lewis, or Brian Owens personally participated in Plaintiff's alleged constitutional violations. Order 1-2, Sept. 22, 2014, ECF No. 14; Order & Recommendation 5, Aug. 26, 2014, ECF No. 10; *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."). His only allegation against these Defendants is that they reviewed grievances filed by him and failed to correct his alleged constitutional violations. As already explained to Plaintiff, a defendant's "denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations." *Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007). Thus, for the same reason these Defendants were previously dismissed, it is recommended that they again be dismissed.

    E.    <u>Defendant Eddie Snelling, Jr.</u>

Plaintiff adds Defendant Eddie Snelling, Jr., and claims that he invaded Plaintiff's privacy when he used some of Plaintiff's medical records at Plaintiff's deposition. Plaintiff claims that he did not receive a request from Defendants to review Plaintiff's medical records and that violates the "Georgia State Law of Privacy" and the "Federal Privacy Act." These allegations fail to state a claim.

There is no "Federal Privacy Act," so the Court assumes that Plaintiff means to assert a claim for a violation of the Privacy Act of 1974. *See, e.g.,* 5 U.S.C. § 552a(b) ("No agency shall disclose any record which is contained in a system of records by any

means of communication to any person . . . except pursuant to a written request by . . . the individual to whom the record pertains[.]"). "The Privacy Act of 1974 contains only two substantive sections, section 3 and section 7." *Schwier v. Cox*, 340 F.3d 1284, 1287 (11th Cir. 2003). "Section 3 of the Privacy Act *applies only to federal agencies*[.]" *Id.* (emphasis in original). "Section 7 of the Privacy Act bars federal, state, or local agencies from denying 'any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number' to the agency." *Id.* (emphasis omitted). Neither of these situations applies to this case as Plaintiff is not suing a federal agency and he has not been denied any right or privilege for refusing to provide his social security number. Similarly, if Plaintiff is attempting to assert a claim under the Heath Insurance Portability and Accountability Act ("HIPPA"), that claim also fails because "there is no private cause of action under HIPPA." *Acara v. Banks*, 470 F.3d 569, 570-71 (5th Cir. 2006); *see also Bradley v. Pfizer, Inc.*, 440 F. App'x 805, 809-10 (11th Cir. 2011).

Moreover, Plaintiff's information was not provided to any third party. Defendant Snelling was an attorney with the Office of the Attorney General for the State of Georgia and represents Dr. Rogers. Dr. Rogers' use of Plaintiff's medical records at Plaintiff's own deposition does not constitute a violation of Plaintiff's privacy. *See, e.g, Padgett v. Donald*, 401 F.3d 1273, 1282 (11th Cir. 2005) ("The right to privacy protects matters that a reasonable person would consider private."). To the contrary, "Georgia law is clear that a plaintiff waives his right to privacy with regard to medical records that are relevant to a medical condition the plaintiff placed in issue in a civil or criminal proceeding."

13

*Moreland v. Austin*, 284 Ga. 730, 732 (2008); *see also Harris v. Tenet Heathsystem Spalding, Inc.*, 322 Ga. App. 894, 896 (2013) ("Georgia law has long held that once a plaintiff puts her medical condition at issue in a case, she waivers her right to privacy with regard to any medical records that are relevant to that medical issue."). Thus, Plaintiff has failed to state a claim against Defendant Snelling, and he should be dismissed.

F.     Defendant James Taylor

Plaintiff claims that James Taylor, the medical administrator at Washington State Prison, has refused to replace his UV sunglasses. Am. Compl. Ex. S at 2-3, ECF No. 24-19. Plaintiff claims that since January 2014 he has had to have six pairs of sunglasses issued to him because they continuously break. *Id.* Defendant James Taylor is allegedly refusing to replace the sixth pair which has "fallen all to pieces." Am. Compl. 23, ECF No. 25. It is unclear from the amended complaint when this claim arose or whether it has been exhausted. Plaintiff's allegations, when construed liberally and in his favor, are sufficient to state an Eighth Amendment claim for deliberate indifference against Defendant Taylor. It is thus ordered that service be made on him as explained below.

G.     Defendant Rogers

Plaintiff continues to maintain that Dr. Rogers purposefully ignored the directions of an optometrist to provide Plaintiff with UV sunglasses and Vitamin A treatments for his eye condition. Recast Am. Compl. 4-6, ECF No. 34. He further claims that Defendant Rogers then terminated his legally blind status from his GDOC profile. This has resulted in Plaintiff being unable to receive assistance provided to blind prisoners—i.e., library services, bottom bunk profile, mobility cane, and short walk profile. *Id.* at 6. The Court

construes Plaintiff's allegations as stating a claim for deliberate indifference in violation of the Eighth Amendment. These contentions are again sufficient to survive preliminary review.

## IV. Service and Scheduling

On February 19, 2015, the Court granted Defendant's request to conduct a frivolity review of Plaintiff's various amended complaints. Text-only Order, Feb. 19, 2015. Therein the Court explained that the Court would issue a revised discovery order after conducting a preliminary review of the amended complaints. *Id.* Plaintiff then filed another amended complaint. (ECF No. 34.) The Court has now completed its preliminary review of those complaints and assigns the following schedule.

Defendant Rogers shall have fourteen days within which to file an amended answer. Service is directed on Defendant James Taylor, medical administrator at Washington State Prison. He is directed to file an Answer or other such response as may be appropriate. The parties shall have sixty (60) days within which to complete discovery from the date of Defendant Taylor's responsive pleading. The parties shall have thirty (30) days from the close of discovery to file any dispositive motions. The parties are reminded of the discovery procedures as previously explained in the Court's August 26, 2014 Order & Recommendation. ECF No. 10 at 7-8.

## CONCLUSION

For the reasons explained above, Plaintiff's motions to extend the time to complete discovery are granted (ECF Nos. 23, 29, 40), his motion to compel is denied (ECF No. 22), his motion for an ophthalmology examination is denied (ECF No. 37), his motion to

appoint is denied (ECF No. 26), and his requests to amend (ECF Nos. 24, 25, 34) are granted.  The Court has conducted a preliminary review of his multiple amended complaints and recommends that only the Eighth Amendment claims against Defendant Rogers and Taylor proceed.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.   The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made.   All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 26th day of August, 2015.

S/ Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE