**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

ALLEN WAYNE SPORE,                    :
                                      :
              Plaintiff,              :
                                      :
VS.                                   :
                                      :   CIVIL No: 5:14-CV-0252-CAR-MSH
Dr. MICHAEL L. ROGERS and             :
JAMES TAYLOR,                         :
                                      :
              Defendants.             :
_____

## REPORT & RECOMMENDATION

Presently pending before the Court is Defendant James Taylor's motion to dismiss (ECF No. 56).  For the reasons explained below, it is recommended that Defendant Taylor's motion be granted.

## BACKGROUND

The present action arises out an alleged denial of medical treatment.  Plaintiff alleges that the "head doctor" at Washington State Prison, Defendant Michael Rogers, repeatedly failed to provide Plaintiff with treatment for his serious medical condition.  Plaintiff apparently suffers from an eye disease, retinitis pigmentosa, which causes a deterioration of the peripheral vision.  Plaintiff was first seen by Defendant Dr. Rogers after he was transferred to Washington State Prison in October 2011.  Recast Compl. Ex. A at 8, ECF No. 8-3.  At that time, Dr. Rogers was allegedly aware that Plaintiff had been diagnosed with the eye disease and that UV sunglasses had been ordered by other physicians.  Rather than providing Plaintiff with the sunglasses prescribed, however, Dr.

Rogers chose to refer Plaintiff to an optometrist.   Recast Compl. Ex. A at 9, ECF No. 8-3.
Plaintiff then allegedly saw Dr. Rogers three or four other times between November 2011
and April 2013, and the same scenario was repeated in each visit.   *Id.*   Plaintiff was not
provided UV sunglasses and was not actually seen by a specialist until May 2013.   *Id.*

After examining him, the optometrist/retina specialist ordered that Plaintiff be
provided both "UV sunglasses" and a "concentrated Vitamin A medication."   Recast
Compl. Ex. A at 10, ECF No. 8-3.   Although this treatment was allegedly re-ordered at
least three times over the next ten months, Plaintiff was not provided UV sunglasses or the
medication prescribed by the specialist until January or February 2014.   *Id.* at 12.
Plaintiff alleges that the prescribed treatment has been proven to "put his condition in
remission" and that without it, his vision continued, unnecessarily, to deteriorate; he claims
to now be "legally blind."

After a preliminary review of his recast Complaint, the Court allowed Plaintiff's
claim against Dr. Michael Rogers for deliberate indifference to his severe medical needs to
proceed.   The remaining claims, against the State of Georgia, the Georgia Department of
Corrections, Governor Nathan Deal, Commissioner Brian Owens, Dr. Sharon Lewis, and
Warden Donald Barrow, were dismissed.   Order 1-2, Sept. 22, 2014, ECF No. 14.
Defendant Rogers filed his Answer to the Complaint on October 27, 2014 (ECF No. 18).
On December 29, 2014, Plaintiff filed a motion to amend seeking to add a claim against
Defendant Rogers for "terminating his legally blind person status" in violation of the Due
Process Clause of the Fourteenth Amendment, the Americans With Disabilities Act, and
the Eighth Amendment.   He also sought to add as a John Doe defendant the optometrist

who treated his eye disease on referral from Dr. Rogers.   The Court allowed Plaintiff to amend his Recast Complaint only to allege that Defendant Rogers removed his "legally blind status" from Plaintiff's GDOC profile in support of his deliberate indifference claim. Order 1-2, Feb. 12, 2015, ECF No. 27.

In response to the Recommendation that Plaintiff be allowed to amend his complaint for the above limited purpose, Plaintiff filed an Amended Complaint (ECF No. 24) with multiple exhibits, a motion for leave to file an amended complaint (ECF No. 25), and a Recast Amended Complaint (ECF No. 34) purporting to comply with the February 12, 2015 Order.   The Court conducted a preliminary review of the amended complaints and allowed a new claim against James Taylor, the medical administrator at Washington State Prison, for deliberate indifference to Plaintiff's serious medical need to proceed.

Specifically, Plaintiff claims that Defendant Taylor has refused to replace his UV sunglasses.   Am. Compl. Ex. S at 2-3, ECF No. 24-19.   Plaintiff claims that since January 2014, he has had to have six pairs of sunglasses issued to him because they continuously break.   *Id.*   Defendant James Taylor is allegedly refusing to replace the sixth pair which has "fallen all to pieces."   Am. Compl. 23, ECF No. 25.   Defendant Taylor moved to dismiss (ECF No. 56) claiming that Plaintiff failed to exhaust his administrative remedies. This motion is ripe for review.

## DISCUSSION

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

as are available are exhausted." "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

Defendant Taylor moves to dismiss for lack of exhaustion claiming that the Georgia Department of Corrections (GDOC) has a grievance procedure which applies to all inmates, but that Plaintiff failed to utilize this procedure regarding the claim against

Defendant Taylor.   Def. Taylor's Mot. to Dismiss 5.   Plaintiff responds that he filed a grievance at Washington State Prison specifically complaining about the lack of treatment for his eye condition.   Pl.'s Resp. to Mot. to Dismiss 4-6, ECF No. 62.   Additionally, in that grievance, Plaintiff states that he referred to the "medical staff," and Defendant Taylor is part of the medical staff.   *Id.*   Thus, Plaintiff contends he exhausted his claim against Defendant Taylor.   Because at the first stage of the exhaustion analysis the Court must take Plaintiff's version of the facts as being true, Plaintiff's Complaint cannot be dismissed for lack of exhaustion at this first step.   *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011).

Since the Complaint was not dismissed at the first step, the Court can make factual findings relating to exhaustion.   A defendant bears the burden of establishing a lack of exhaustion at the second step of the inquiry.   *Turner*, 541 F.3d at 1082-83.   The Court makes the following factual findings and determines that Defendants have met their burden regarding Plaintiff's failure to exhaust.

Defendants provided the GDOC's Standard Operating Procedures (SOPs) regarding grievances which apply to Washington State Prison.   Fleming Aff. ¶¶ 3-4 & Attach. 2, ECF No. 56-1.   The SOPs mandate that an inmate must follow a two-step process in order to exhaust his remedies: (1) file an original grievance no later than ten days from the date of the incident giving rise to the grievance; and (2) file an appeal to the Central Office.   *Id.* ¶¶ 7, 10 & Attach. 2 at 6-12.   Except for a limited number of non-grievable issues, an inmate "may file a grievance about any condition, policy, procedure, or action or lack thereof that affects the offender personally.   *Id.* Attach. 2 at 5.

Plaintiff filed one grievance at Washington State Prison concerning his medical treatment for his eye condition.   Fleming Aff. ¶ 21 & Attach. 1, 3.   On November 8, 2013, Plaintiff filed grievance 84877, in which he complains that "Washington State Prison Medical Dr. Rogers/Sick Call Nurses has [sic] deliberately denied [him] the proper medical protection" prescribed by his optometrist.   *Id.* Attach. 3 at 1.   He explains that he is supposed to receive "vitamin A to protect [his] vision" and "sunglasses."   *Id.*   His grievance was denied on December 3, 2013.   *Id.* Attach. 3 at 6.   Plaintiff timely appealed on December 9, 2013.   *Id.* Attach. 3 at 7.   The appeal was denied on March 18, 2014 and Plaintiff received the appeal denial on April 8, 2014.   *Id.* Attach 3 at 8.   Consequently, grievance 84877 was fully exhausted when Plaintiff filed this action.   *See, e.g., Jones v. Bock*, 549 U.S. 199, 218 (2007) ("[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules[.]").

Plaintiff asserts that this ends the inquiry and Defendant's motion to dismiss should be denied.   Pl.'s Resp. to Mot. to Dismiss 4-5.   Plaintiff has exhausted his administrative remedies regarding his claim for deliberate indifference against Dr. Rogers; however, Defendant Taylor claims that grievance 84877 fails to address the deliberate indifference claim against him—specifically that Defendant Taylor refuses to provide Plaintiff with a seventh pair of sunglasses.   Am. Compl. 23 & Ex. S at 2-3.   Defendant Taylor is correct.

Plaintiff complains in grievance 84877 that Dr. Rogers and the nursing staff at Washington State Prison refuse to follow the medical advice of his optometrist and retina specialist to provide him with vitamin A and sunglasses.   His claim against Defendant

Taylor is that he has received multiple pairs of sunglasses that continue to break and that Defendant Taylor will not provide an additional pair.   While "exhaustion does not necessarily require an inmate to file a new grievance for each harmful incident in a string of related occurrences," it does require that the grievance "provide[] the institution with notice of a problem such that they have an opportunity to address the problem internally." *Toennings v. Ga. Dep't of Corr.*, 600 F. App'x 645, 649 (11th Cir. 2015).   Plaintiff's grievance stating that Dr. Rogers and the nursing staff are not providing him with prescribed medical treatment does not provide Washington State Prison with notice that Defendant Taylor is refusing to replace a broken pair of sunglasses.   Plaintiff has failed to exhaust the deliberate indifference claim against Defendant Taylor.   It is recommended that Defendant Taylor's motion to dismiss be granted the claim against him be dismissed for failure to exhaust.

## CONCLUSION

For the reasons explained above, it is recommended that Defendant Taylor's motion to dismiss (ECF No. 56) be granted.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.   The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made.   All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a

report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 9th day of May, 2016.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE