IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALLEN WAYNE SPORE,           : | |
|     Plaintiff,           : | |
| : | |
| v.           : | No. 5:14-CV-252 (CAR) |
| : | Proceedings Under 42 U.S.C. § 1983 |
| Dr. MICHAEL L. ROGERS, et al.           : | |
|     Defendants.           : | |
| : | |

### ORDER ON UNITED STATES MAGISTRATE JUDGE'S
### ORDER AND RECOMMENDATION

In this action pursuant to 42 U.S.C. § 1983, pro se Plaintiff asserts Defendants failed to treat his eye condition and their deliberate indifference to his severe medical needs violated his Eighth and Fourteenth Amendment rights. Before the Court are two Recommendations from the United States Magistrate Judge: (1) the Magistrate Judge's Order and Recommendation after frivolity review [Doc. 44] to grant Plaintiff's Motions to Extend the Time to Complete Discovery, deny Plaintiff's Motion to Compel, deny Plaintiff's Motion for Ophthalmology Examination, deny Plaintiff's Motion to Appoint Counsel, grant Plaintiff's requests to amend, and dismiss all Defendants in Plaintiff's Amended Complaints except Defendant Rogers and Defendant Taylor; and (2) the Magistrate Judge's Report and Recommendation [Doc. 64] to grant Defendant Taylor's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 56] due to Plaintiff's failure to

1

exhaust administrative remedies.[1]

Plaintiff has filed Objections to both Recommendations. In his Objection [Doc. 51] to the Order and Recommendation after frivolity review, Plaintiff requests the Court allow him to amend his complaint, order an ophthalmology examination, appoint counsel, and admit exhibits into evidence.  The Court construes these requests as Motions.  For the following reasons, Plaintiff's Motions are **DENIED**.  Plaintiff also objects to the Recommendation to dismiss the Defendants in Plaintiff's Amended Complaints.  Additionally, Plaintiff has filed an Objection [Doc. 67] to the Report and Recommendation to dismiss his claim against Defendant Taylor for failure to exhaust his administrative remedies.  Having fully considered the record in this case and investigated *de novo* those portions of the Recommendations to which Plaintiff objects, the Court agrees with the findings and conclusions in both Recommendations.  Accordingly, all Defendants named in Plaintiff's Amended Complaints except Defendant Rogers are **DISMISSED**.  Plaintiff's Eighth Amendment claim against Defendant Rogers may go forward.

## DISCUSSION

I.    **Order and Recommendation After Frivolity Review**

A. **Plaintiff's Motions**

---

[1] In the Order and Recommendation [Doc. 44], the Magistrate Judge conducted a frivolity review and recommended allowing the claims against Defendants Rogers and Taylor to go forward.  Subsequently, Defendant Taylor filed a Motion to Dismiss for Plaintiff's failure to exhaust administrative remedies.  In the Report and Recommendation [Doc. 64], the Magistrate Judge recommends granting Defendant's Motion.

**(a) Motion to Amend**

In his Objection, Plaintiff requests leave to amend his claims against multiple John Doe doctors for their failure to treat his eye condition. Although the Magistrate Judge determined Plaintiff's claims are outside the statute of limitations, Plaintiff asserts the statute should be tolled pursuant to the continuing violation doctrine.[2] If a proposed amendment would not survive a motion to dismiss, the Court may deny the motion to amend as futile.[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4] Taking as true Plaintiff's allegations that the John Doe doctors erroneously told him no cure existed for his retinitis pigmentosa, Plaintiff's claims are outside the statute of limitations, and the continuing violation doctrine does not apply, as the Magistrate Judge thoroughly explains.[5] Because Plaintiff's claims would not survive a motion to dismiss, Plaintiff's Motion to Amend is **DENIED** as **FUTILE**.

**(b) Motion for Ophthalmology Examination**

In the Order and Recommendation, the Magistrate Judge denied Plaintiff's Motion for Ophthalmology Examination pursuant to Federal Rule of Civil Procedure 35(a)(1). Plaintiff now seeks to receive the examination pursuant to Federal Rule of Evidence 706(a). Rule 706 "provides the court with discretionary power to appoint an

---

[2] [Doc. 51] at 25.
[3] *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010).
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[5] [Doc. 44] at 9-11.

3

expert witness in a civil action either on the court's own motion or the motion of a party."[6] This discretion "should be exercised and reflected in a reasoned ruling."[7] Rule 706 is intended to promote accurate factfinding.[8] "The most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance."[9]  It appears Plaintiff seeks an ophthalmology examination to prove the merits of the case.  However, Plaintiff's Motion under Rule 706 does not change the Magistrate Judge's reasoning that Plaintiff has failed to establish good cause for an examination.  The Court agrees with the Order and Recommendation that an examination is not necessary at this time.  Accordingly, Plaintiff's Motion is **DENIED**.

**(c) Motion to Appoint Counsel**

Plaintiff also seeks appointment of counsel.  Pursuant to 28 U.S.C. § 1915(e)(1), a district court may appoint counsel for an indigent plaintiff.[10]   However, a prisoner raising civil rights claims has "no constitutional right to counsel."[11]   Rather, appointment of counsel requires "exceptional circumstances such as the presence of facts and legal issues which are so novel or complex as to require the assistance of a

---

[6] *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996).
[7] *German v. Broward County Sheriff's Office*, 315 F. App'x 773, 778 (11th Cir. 2009) (per curiam).
[8] *See Ford v. Mercer County Corr. Center*, 171 F. App'x 416, 420 (3d Cir. 2006)
[9] *Jones v. Barrow*, No. 5:15–CV–18–CAR–CHW, 2015 WL 4163000, at *2 (M.D. Ga. July 9, 2015) (quoting *Stones v. McDonald*, 7 F.Supp.3d 422, 432 (D. Del. 2014)).
[10] *German*, 315 F. App'x at 777.
[11] *Id.* (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).

4

trained practitioner."[12]  Here, Plaintiff argues he requires counsel because he is legally blind.  However, the Court agrees with the Order and Recommendation that Plaintiff has failed to establish his blindness.  Although Plaintiff provides a medical record that contains a brief note suggesting he may be blind, he has failed to submit his Georgia Department of Corrections Medical Profile, despite three orders directing him to do so by the Magistrate Judge.[13]

Even if Plaintiff is legally blind, however, a district court may deny appointment of counsel to a legally blind plaintiff who is able to adequately present and investigate his case.[14]  The Court agrees with the Order and Recommendation that Plaintiff's many filings show he is capable of adequately presenting and investigating this case, and exceptional circumstances do not exist at this time.  Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time.  There is no need for Plaintiff to file additional requests for counsel.  Thus, Plaintiff's Motion to Appoint Counsel is **DENIED**.

### (d) Evidentiary Motion

Additionally, Plaintiff requests the Court enter into evidence all of his exhibits

---

[12] *Id.* (quoting *Kilgo*, 983 F.2d at 193).
[13] [Doc. 44] at 4. *See also* [Doc. 6] at 3 n.1; [Doc. 21] at 3.
[14] *Wallace v. Burnside*, No. 5:07-cv-166, 2008 WL 846122, at *1 (Mar. 28, 2008).

filed from June 2014 to the present, pursuant to Federal Rules of Evidence 401 and 402.[15] This request is premature. Plaintiff may seek to enter his exhibits into evidence when dispositive motions are filed or when the case goes to trial. Accordingly, Plaintiff's request is **DENIED**.

### B. Plaintiff's Objections

Upon granting Plaintiff's requests to amend, the Magistrate Judge conducted a preliminary review of Plaintiff's three Amended Complaints and recommended dismissing all Defendants therein except Defendant Rogers and Defendant Taylor. Plaintiff objects to the Recommendation to dismiss Brian Owens, Sharon Lewis, Donald Barrow, and the multiple John Doe doctors.[16] Plaintiff's Objections, however, are simply restatements of claims and contentions that have been thoroughly and completely addressed in the Order and Recommendation, and the Court need not restate those findings here. Accordingly, Plaintiff's Objections are **OVERRULED**.

### II.     Report and Recommendation on Defendant Taylor's Motion to Dismiss

After the Magistrate Judge allowed Plaintiff's claims against Defendant Rogers and Defendant Taylor to go forward following the preliminary review, Defendant Taylor moved to dismiss Plaintiff's claims against him because Plaintiff failed to exhaust his administrative remedies before filing suit. The Magistrate Judge recommends granting the motion. In his Objection, Plaintiff argues for the first time his

---

[15] [Doc. 51] at 25.
[16] [Doc. 51] at 9, 16.

administrative remedies were not available because Washington State Prison deprives inmates of access to grievance counselors and photocopies of their files. A district court "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."[17] The Court declines to consider Plaintiff's novel argument that his administrative remedies were unavailable. Accordingly, Plaintiff's Objection is **OVERRULED**.

## CONCLUSION

For the reasons set forth above, the Order and Recommendation [Doc. 44] and Report and Recommendation [Doc. 64] are **HEREBY ADOPTED AND MADE THE ORDER OF THIS COURT**; all Defendants named in Plaintiff's Amended Complaints [Docs. 24, 25, 34] except Defendant Rogers are **DISMISSED**; Plaintiff's construed Motion to Amend the Complaint [Doc. 51] is **DENIED** as **FUTILE**; Plaintiff's construed Motion for Ophthalmology Examination [Doc. 51] is **DENIED**; Plaintiff's construed Motion to Appoint Counsel [Doc. 51] is **DENIED**; Plaintiff's request to admit exhibits into evidence [Doc. 51] is **DENIED**; Defendant Taylor's Motion to Dismiss [Doc. 56] is **GRANTED** and Defendant Taylor is **DISMISSED**. Plaintiff's Eighth Amendment claim against Defendant Rogers may go forward.

---

[17] *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).

**SO ORDERED**, this 28th day of September, 2016.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT
